| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF BOULDER, COLORADO<br>Court Address: 1777 6th Street, Boulder, CO 80306 | DATE FILED: March 5, 2018 4:56 PM<br>FILING ID: BD4DC3B073710<br>CASE NUMBER: 2018CV30210 |
| EVANGELINA MOCK<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY d/b/a/ COUNTRY FINANCIAL<br><br>Defendant | ▲ COURT USE ONLY ▲ |
| ATTORNEYS FOR THE PLAINTIFF:<br><br>Name:　　Holly B. Kammerer, Reg. No. 21752<br>　　　　　Jessica B. Prochaska, Reg. No. 46319<br>Attorneys:　Plaintiff<br>Address:　 Burg Simpson Eldredge Hersh & Jardine, P.C.<br>　　　　　40 Inverness Drive East<br>　　　　　Englewood, Colorado, 80112<br>Phone No.:　(303) 792-5595<br>Fax No.:　 Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:　　hkammerer@burgsimpson.com<br>　　　　　 jprochaska@burgsimpson.com | Case No.<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Evangelina Mock, by and through her counsel, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for her Complaint and Jury Demand, states, alleges, and avers the following:

## I. PARTIES

1.  Plaintiff, Evangelina Mock (hereinafter "Plaintiff"), is a citizen and resident of Arapahoe County, Colorado, residing at 6596 South Elm Circle, Centennial, Colorado 80121.

2.  Defendant, Country Mutual Insurance Company d/b/a/ Country Financial, (hereinafter "Country Financial"), is a foreign corporation licensed to do business in the State of Colorado with its principal place of business at 1711 GE Road, 3rd Floor, Bloomington,

Illinois, 61704. The office of its registered agent, Division of Insurance, is located at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

## II.  JURISDICTION AND VENUE

3.   The Constitution of the State of Colorado provides that the District Court shall be the trial Court of record with general jurisdiction and shall have original jurisdiction over all civil, probate, and criminal matters, except as otherwise provided by statute and shall have jurisdiction as may be prescribed by law under the Constitution of the State of Colorado, Article VI, Section IX.

4.   Personal jurisdiction is proper pursuant to C.R.S. § 13-1-124. The Court has personal jurisdiction over the Defendant by virtue of Defendant's operations and presence in Colorado, by its commission of tortious acts in Colorado, by its transacting business directed at Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous, and systematic contacts with Colorado.

5.   Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Defendant Country Financial is a nonresident of Colorado, Defendant can be found in Boulder County, and Boulder is the county designated in the Complaint.

## III.  GENERAL ALLEGATIONS

6.   On or about June 25, 2015, at approximately 3:21 p.m., Plaintiff Evangelina Mock was the restrained driver of her 2001 Chrysler Town & Country van traveling northbound on South Colorado Boulevard in Denver, Colorado.

7.   On or about the same time, Robert Mayers was driving his 2007 Toyota 4D .

8.   On or about the same time, Robert Mayers was traveling eastbound on East Bayaud Avenue, attempting to merge onto South Colorado Boulevard, in Denver, Colorado.

9.   Mr. Mayers negligently failed to yield the right of way and merged left, which caused him to strike Plaintiff's vehicle.

10.  Mr. Mayers was cited for taking the right-of-way at a yield intersection.

11.  As a result of Mr. Mayers's negligent conduct, Plaintiff Evangelina Mock sustained severe injuries requiring medical care and treatment.

12.  At the time of the June 25, 2015, collision, Plaintiff Evangelina Mock was insured by Defendant Country Financial for medical payment benefits.

13.  At the time of the June 25, 2015, collision, Defendant Country Financial had issued an insurance policy to Plaintiff, Policy No. P05A6349418, which was in full effect at all

relevant times. The Country Financial policy provides medical payment benefits in the amount of $25,000.

14.   Plaintiff Evangelina Mock paid a premium to Defendant Country Financial in order to have $25,000 in medical payment benefits under the policy.

15.   On June 26, 2015, Plaintiff Evangelina Mock timely notified Defendant Country Financial of the accident and opened a claim for the medical payment benefits available under her Country Financial policy.

16.   Upon information and belief, Defendant Country Financial verified that Plaintiff Evangelina Mock's medical payment claim was properly set up.

17.   On July 28, 2015, Plaintiff Evangelina Mock provided Defendant Country Financial with an Assignment of Benefits and Pain Diagram executed on July 15, 2015 by email correspondence to Defendant Country Financial.

18.   On August 3, 2015, Plaintiff Evangelina Mock provided Defendant Country Financial with a receipt for a prescription Meloxicam purchase in the amount of $4.00.

19.   On October 14, 2015, Defendant Country Financial received a Health Care Provider Information Sheet with a list of all treating providers during the past two years and accompanying medical authorizations executed on October 9, 2015 by Plaintiff.

20.   On December 24, 2015, Plaintiff Evangelina Mock responded to a letter via email provided by Country Financial indicating denial of her claim with a letter from Plaintiff's orthopedic surgeon, Dr. Leslie Vidal.   In that letter, Plaintiff argued the information in Defendant Country Financial's letter was inaccurate, and requested that Defendant Country Financial acknowledge the legitimacy of her Medical Payments claim.

21.   On February 18, 2016, Defendant Country Financial received an Independent Medical Record Review by Dr. Philip Stull at the request of Defendant Country Financial, who opined Plaintiff did not need further treatment to fully recover.

22.   On March 9, 2016, Defendant Country Financial notified Plaintiff that any treatment after September 22, 2015 would be Plaintiff Evangelina Mock's financial responsibility.

23.   Defendant Country Financial was in possession of Plaintiff's medical and billing records since August 2015.

24.   Defendant Country Financial made no payment of any kind to Plaintiff Evangelina Mock under the medical payment benefits for the out of pocket expenses submitted by Plaintiff until March 11, 2016.

25.   On May 17, 2016, Defendant Country Financial made a partial payment to Physiotherapy Associates, Inc., for treatment date 9/1/15 in the amount of $276.00.

26. On June 28, 2016, Defendant Country Financial made partial payments to Physiotherapy Associates, Inc., for treatment dates 8/4/15, 8/18/15, 9/8/15, 9/15/15, and 9/22/15 in the amount of $1,605.60.

27. On June 28, 2016, Defendant Country Financial made a partial payment to Orthopedic Associates, LLC, in the amount of $185.40.

28. On June 28, 2016, Defendant Country Financial made a payment to Center for Advanced Diagnostics, LLC, in the amount of $989.00.

29. Defendant Country Financial provided no explanation for delay in payment of treatment, out-of-pocket expenses, or why only a partial payment was made other than, "Priced according to contract of fee schedule, therefore the reimbursement rate may be different than the billed amount."

30. Upon information and belief, Defendant Country Financial only provided Dr. Philip Stull medical and billing records from Orthopedic Associates, Center for Advanced Diagnostics at Lowry, and Select Physical Therapy for his Independent Medical Record Review despite having knowledge Plaintiff treated at Kaiser Permanente, Colorado Center for Physical Therapy, and HealthSource of DTC.

31. Upon information and belief, Dr. Stull was not provided with all medical information available for his review.

32. Defendant Country Financial delayed payment to Plaintiff Evangelina Mock's treating providers for several months despite having proper documentation to pay the claims.

33. On May, 25, 2017, Plaintiff in writing that Defendant Country Financial reconsider paying for additional treatment accompanied by a letter dated September 29, 2016, from Dr. Leslie Vidal who indicated that the injuries sustained to the left hip, right hip, and bilateral SI joints evolved from the June 25, 2015 motor vehicle accident, and that the injuries to the left hip, left SI joint, and groin were not pre-existing.

34. On May 25, 2017, Defendant Country Financial was also put on notice that an upcoming recommended left hip arthroscopy for labral repair and osteoplasty with psoas fractional lengthening would need to be covered under Plaintiff's medical payments benefits.

35. Defendant Country Financial responded on June 2, 2017 advising that they were maintaining their denial of payment for any medical treatment after September 22, 2015, based on the previously conducted Medical Record Review.

36. Defendant Country Financial denied payment to Orthopedic Associates, LLC for treatment Plaintiff received on April 7, 2016 and April 18, 2016.

37.     On July 19, 2017, Plaintiff provided executed medical authorizations previously provided to Defendant Country Financial by Plaintiff accompanied with medical and billing records from Orthopedic Associates.

38.     On August 7, 2017, Defendant Country Financial agreed to contact Plaintiff's providers and obtain updated medical records, request an addendum report from Dr. Philip Stull with updated medical records, and provide a copy of the addendum report to Plaintiff Evangelina Mock upon receipt.

39.     On February 28, 2018, Plaintiff's counsel received a letter from Country Financial dated February 21, 2018, accompanied by Dr. Philip Stull's Medical Record Review Addendum report dated February 17, 2018.  Based on Dr. Stull's addendum report, Defendant Country Financial stated that they would maintain denial of the medical payment benefits for Plaintiff's treatment after September 22, 2015.

40.     Defendant Country Financial failed to adopt and implement reasonable standards for the prompt investigation of claims arising under Plaintiff Evangelina Mock's medical payment benefits.

41.     Defendant Country Financial failed to timely and reasonably communicate with its insured, Plaintiff Evangelina Mock, regarding the medical payment benefits owed to her.

42.     Upon information and belief, Defendant Country Financial delayed payment to Plaintiff's providers for several months despite having proper documentation to pay the claims.

43.     Defendant Country Financial is improperly denying medical payment benefits to the Plaintiff for treatment after September 22, 2015, despite documentation from Plaintiff's providers that the treatment is reasonable, necessary and related to the June 25, 2015 collision.

## IV. FIRST CLAIM FOR RELIEF
(Medical Payment Benefits / Breach of Contract)

44.     Plaintiff Evangelina Mock incorporates the allegations set forth above as though fully set forth herein.

45.     Plaintiff Evangelina Mock is entitled to recover the medical payment benefits provided by Defendant's policy of insurance.

46.     Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided medical payment benefits to Plaintiff and promised to pay medical payment benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

47.     At the time of the crash on June 25, 2015, Defendant insured Plaintiff for $25,000.00 in medical payment benefits.

48.    Defendant has breached its contract of insurance by failing to pay medical payment benefits to Plaintiff as provided by the contract.

49.    As a direct and proximate result of the damages sustained by Plaintiff in the November 21, 2013, crash, and as required by C.R.S. § 10-4-609 and Defendant's insurance contract, and as a direct result of Defendant's breach of contract, Plaintiff has suffered damages and Defendant is liable to pay underinsured motorist benefits to Plaintiff to compensate her for her injuries, damages, and losses.

## V.  SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)

50.    Plaintiff Evangelina Mock incorporates the allegations set forth above as though fully set forth herein.

51.    Plaintiff Evangelina Mock and Defendant Country Financial entered into a contract for insurance as identified herein, whereby Defendant Country Financial provided Medical Payment coverage to Plaintiff and promised to pay Medical Payment benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

52.    Defendant Country Financial acted unreasonably in failing to timely and reasonably pay the Medical Payment benefits to Plaintiff Evangelina Mock arising from treatment that Plaintiff received that was directly related to the injuries sustained in the June 25, 2015 collision, and by continuing to deny and delay payment.

53.    Defendant Country Financial knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.

54.    As a direct and proximate result of Defendant Country Financial's bad faith conduct, Plaintiff Evangelina Mock has sustained injuries, damages, and losses.

55.    Defendant Country Financial's conduct described above was unreasonable and further violated C.R.S. § 10-3-1104(1)(h).

## VI.  THIRD CLAIM FOR RELIEF
(Statutory Claim for Damages For Unreasonable Delay and Denial of Benefits Under C.R.S. § 10-3-1115 and 10-3-1116)

56.    Plaintiff Evangelina Mock incorporates the allegations set forth above as though fully set forth herein.

57.    Plaintiff Evangelina Mock and Defendant Country Financial entered into a contract for insurance as identified herein, whereby Defendant Country Financial provided medical payment benefits to Plaintiff and promised to pay medical payment benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

58.  Pursuant to C.R.S § 10-3-1115, Defendant Country Financial cannot unreasonably delay or deny payment of medical payment benefits to Plaintiff Evangelina Mock.

59.  Defendant Country Financial violated C.R.S. § 10-3-1115 by denying and delaying payment of medical payment benefits owed to Plaintiff Evangelina Mock for the injuries, damages and losses Plaintiff Evangelina Mock suffered in the June 25, 2015 accident without a reasonable basis for its delays.

60.  Defendant Country Financial acted unreasonably in its investigation and its dealings with its insured, Plaintiff Evangelina Mock.

61.  Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorneys' fees, court costs and two times the covered benefits as a result of Defendant Country Financial's unreasonable denial and delays.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendant for relief as follows:

1.  Payment of underinsured motorist benefits under the policy;

2.  Economic damages;

3.  Non-economic damages;

4.  Permanent physical impairment and disfigurement;

5.  All other compensatory damages caused by Defendant's actions, to be proven at trial;

6.  Damages provided by C.R.S. § 10-3-1116:  payment of two times the covered benefit and reasonable attorney fees and court costs;

7.  Pre-judgment and post-judgment interest as provided for by law;

8.  Attorney fees, costs, and expenses of this action as provided for by law; and,

9.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY TO SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 5th day of March, 2018.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**

*(Original signature on file at Burg Simpson*
*Eldredge Hersh & Jardine, P.C.)*

 */s/ Jessica Prochaska*
Holly B. Kammerer, Reg. # 21752
Jessica B. Prochaska, Reg. # 46319
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
*Attorneys for Plaintiff*

<u>*Address of Plaintiff:*</u>
*6596 S Elm Cir.*
*Centennial, CO 80121*